IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANISHA S. HOLLOMON : CIVIL ACTION
:
v. : NO. 10-2366
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

# MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                               December 9, 2010

       Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 5) and defendant's response (Doc. No. 6), the court makes the following findings and conclusions:

       1.      On July 31, 2006, Tanisha S. Hollomon ("Hollomon") filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, ultimately alleging an onset date of July 31, 2006. (Tr. 20-21; 85-87). Throughout the administrative process, including an administrative hearing held on June 11, 2008 before an ALJ, Hollomon's claims were denied. (Tr. 12-17; 18-59; 60-66). Ultimately, in his July 31, 2008 decision, the ALJ concluded that Hollomon had no severe impairments and, thus, was not disabled. (Tr. 12 ¶ 3; 14 ¶¶ 2-5; 16 Findings 2 & 4).[1] After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Hollomon filed her complaint in this court on May 27, 2010. (Tr. 1-3; Doc. No. 1).

       2.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       3.      Hollomon alleges that the ALJ erroneously found her mental impairments to be non-severe. For the reasons that follow, I find that the decision of the ALJ was legally sufficient and supported by substantial evidence.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

In his decision, the ALJ concluded that Hollomon failed to establish that her mental impairments had lasted or would be expected to last for a continuous twelve month period. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909 (providing that in order to be severe, an impairment must have lasted or be expected to last a continuous period of at least twelve months). Unfortunately, Hollomon does not counter this conclusion but instead only argues that the ALJ erred by ignoring Dr. Kathryn Ann Gold's May 15, 2008 medical source statement showing certain marked and extreme mental limitations. (Tr. 369-371). I find that substantial evidence supports the ALJ's conclusion that Hollomon failed to show that her mental impairments lasted or would last the requisite twelve months. The treatment record of Hollomon's mental impairments is quite sparse and consists of treatment for bipolar disorder from June to October, 2006 and a one-time anxiety attack while pregnant in August, 2007. (Tr. 14 ¶ 3; 176-96; 225-27; 239). Contrarily, the record also contains notes where Hollomon did not show symptoms of, and denied, psychiatric issues. E.g. (Tr. 290; 292; 306; 309; 324; 347). Hollomon claimed that she saw a therapist every week and a psychologist once a month, but there is no evidence to support this assertion. (Tr. 42). Thus, the ALJ's conclusion that Hollomon's mental impairments did not meet the durational requirement is reasonable and supported by substantial evidence.

Moreover, contrary to Hollomon's contention, the ALJ did not ignore Dr. Gold's check-box medical source statement[2] regarding her mental abilities to perform work, but instead described his reasoning for not relying on her opinion. The ALJ first noted that Dr. Gold is a specialist in internal medicine and not psychology or psychiatry.[3] As further noted by the ALJ, although Hollomon claimed that Dr. Gold is her primary physician, there is no evidence to support that Dr. Gold has ever treated Hollomon except to conduct the interview leading to the medical source statement. (Tr. 16 ¶ 1). Finally, the ALJ noted that the form is supported only by Dr. Gold's interview of Hollomon and that there are no treatment notes in the record that might also support the assessment. (Id.).

4. Upon due consideration of all of the arguments and evidence, I find that the ALJ's conclusions are supported by substantial evidence and legally sufficient. As a result, plaintiff's request for relief must be denied and the decision must be affirmed.[4]

An appropriate Order follows.

---

[2] Such forms, of course, "are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

[3] Hollomon asserts that although Dr. Gold signed the check-box form, it was her psychiatrist who filled it out. The document in question does not support this assertion. (Tr. 369-371).

[4] While it does not appear that Hollomon is claiming that the ALJ erred by failing to find her alleged physical impairments in her low back, left knee and left wrist to be severe, I nonetheless find that the ALJ's conclusion that Hollomon failed to provide sufficient evidence of these impairments is supported by substantial evidence. (Tr. 14 ¶ 2); see also (Tr. 197-200) (the consultative exam by Dr. Herbert Cohen reporting normal findings despite Hollomon's complaints).